UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Andre Saunders, | Case No. 19-CV-1551 (SRN/DTS) |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| v. | |
| Warden, FCI-Sandstone, | |
| Respondent. | |

Andre Saunders, FCI-Sandstone, P.O. Box 1000, Sandstone, Minnesota 55072, Pro Se.

Chad A. Blumenfield. Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter comes before the undersigned United States District Judge on Petitioner Andre Saunders' Objections [Doc. No. 15] to United States Magistrate Judge David T. Schultz's Report and Recommendation ("R&R") dated October 16, 2019 [Doc. No. 14]. Magistrate Judge Schultz recommended that Saunders' 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus [Doc. No. 1] be denied.

For the reasons set forth herein, the Court overrules Saunders' Objections, adopts the R&R in its entirety, and denies the Petition.

## II. BACKGROUND

In January of 2018, a cell phone was discovered at the Federal Correctional Institution, Morgantown, West Virginia, underneath a broom. R&R at 2.[1] Forensic analysis of the phone revealed a series of outgoing messages, including one message sent to a number associated only with Saunders' prison phone account. *Id*. In June of 2018, Saunders was charged with possessing a cell phone (a tool considered hazardous by the Bureau of Prisons) based upon this connection. *Id*. Saunders received a copy of the incident report and was advised of his rights associated with the subsequent disciplinary proceeding. *Id*.

The following day, the Unit Disciplinary Committee reviewed the charge. *Id.* Unit Disciplinary Committees generally consist of two or more staff members who are not significantly involved with the incident under review or its investigation. *Id.* at n.2. Depending on the seriousness of the charge, this Committee may dismiss the charge or refer the incident report to a Discipline Hearing Officer. *Id.* Although Saunders stated during the Committee's initial review that he "never possess [sic] a cell phone," the Committee referred the report to a Discipline Hearing Officer, given the nature of the charge. *Id.* at 2. A Discipline Hearing Officer ("DHO") is an independent officer who is trained and certified by the Bureau of Prisons to conduct hearings on the incidents that Unit Discipline Committees refer to them. *Id.* at n.3. Saunders was given a form

---

[1] The facts set forth in the R&R have not been disputed. The Court will therefore make reference only to the R&R, rather than the underlying record.

explaining his rights during the DHO proceedings. He signed this form and indicated that he did not wish to call witnesses during the proceedings, nor obtain a staff representative. *Id.* at 2.

About three weeks later, the DHO hearing occurred. *Id.* Saunders stated that he understood his rights and had received a copy of the incident report. *Id.* He asserted that he "never used or possessed [the cell phone]. That's [his] cousins [sic] number and [GT] knows him. [GT] called that number." *Id.* at 2-3. Despite his earlier wishes, Saunders asked to call GT, another inmate, to testify. *Id.* at 3. GT did so, stating that he "used the phone to contact this number. [He] didn't know Andre [Saunders] had this guy on his list." *Id.*

The DHO considered the testimony taken at the hearing and the documentary evidence and concluded that Saunders did possess the cell phone. *Id.* The fact that the cell phone's outgoing messages contained a message sent to a number associated solely with Saunders' prison phone account persuaded the DHO that the "greater weight of the evidence" supported his conclusion. *Id.* In considering the evidence, the DHO found the testimony of Saunders and GT to be not credible. *Id.*

Among other sanctions, the DHO subsequently revoked 41 days of Saunders's good conduct time. *Id.* Saunders now challenges this revocation of his good conduct time via this habeas corpus petition.

### A. Saunders' Petition for a Writ of Habeas Corpus

Saunders filed the instant Petition for a writ of habeas corpus on June 1, 2019. *See* Doc. No. 1. Saunders argued that the "some evidence" standard required to support the DHO's conclusion that lead to the revocation of Saunders' good conduct time was not met in this case. *See* Doc. No. 1 at 4-8.

Saunders argues that his procedural due process rights under *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L.Ed. 2d 356 (1985) were violated. *Id.* at 4-5. *Hill* requires that the disciplinary hearing's fact-finder provide the inmate with a written statement of the evidence relied upon in reaching its decision. *Hill*, 472 U.S. at 445. *Hill* holds that this decision must be supported by "some evidence." *Hill*, 472 U.S. at 456-57.

Saunders asserts that the DHO in his disciplinary proceedings failed to adhere to these requirements by relying on subjective and speculative information, rather than fact. Doc. No. 1 at 4. Saunders conceded that the cell phone in question was linked to his phone account but dismissed the notion that this constituted "some evidence." *See id.* at 6.

### B. The Report and Recommendation

In accordance with 28 U.S.C. § 636 and the local rules of this Court, Saunders' Petition was referred to Magistrate Judge Schultz for a report and recommendation. *See*

28 U.S.C. § 636; D. Minn. LR 72.1. Magistrate Judge Schultz reviewed the Petition and recommended that it be denied. R&R at 6.

The Magistrate Judge acknowledged that Saunders may challenge the revocation of his good conduct time via a habeas corpus petition. *See* R&R at 4 (citing *Stone v. Norris*, 230 F.3d 1364 (8th Cir. 2000)). However, Magistrate Judge Schultz noted that a court must remember when reviewing such petitions that it is "'not part of the appellate process for prison disciplinary proceedings[,]' and is not responsible for ensuring that a prison's self-imposed procedures were followed." *Id*. (quoting *Toombs v. Hicks*, 773 F.2d 995, 997 (8th Cir. 1985)).

As an initial procedural matter, Magistrate Judge Schultz found that an evidentiary hearing would be unnecessary to resolve the issue at bar. *Id.* at 4. The Magistrate Judge noted that an evidentiary hearing is unnecessary where (1) the allegations fail to state a cognizable claim even if true, (2) the relevant facts are not in dispute, or (3) the dispute can be resolved on the basis of the record alone. *Id.* (Citing *Wallace v. Lockhart*, 701 F.2d 719, 730 (8th Cir. 1983). The Magistrate Judge did not believe Saunders to be disputing the relevant facts, but rather the DHO's inference drawn from the facts. *Id.* at 4. Therefore, Magistrate Judge Schultz found that the record is sufficient to address this Petition and an evidentiary hearing is unnecessary. *Id.*

Next, Magistrate Judge Schultz addressed the "some evidence" standard. *Id.* at 4-6. The Magistrate Judge noted the "some evidence" standard established by *Hill* does not require the reviewing court to re-weigh the evidence or assess witness credibility. *Id.* at 5.

Rather, there simply must be "'some evidence from which the conclusion of the administrative tribunal could be deduced.'" *Id.* (citing *Hill*, 472 U.S. at 455-56). Magistrate Judge Schultz acknowledged that while the cell phone's connection to Saunders' phone account was not proof beyond a reasonable doubt of his possessing the phone, it was "some evidence" to that effect. *Id.* Even though Saunders took issue with the DHO's "speculation" as a finding of fact, Magistrate Judge Schultz cited the long-established rule that "indirect" or "circumstantial" evidence may be used to indirectly infer a fact. *Id.* (Citing EVIDENCE, Black's Law Dictionary (11th ed. 2019)). The Magistrate Judge found the DHO's inference to be rationally based on the facts before him, even if another rational inference could have been drawn from those facts. *Id.* (Citing *Hrbek v. Nix*, 12 F.3d 777, 781 (8th Cir. 1993). Thus, Magistrate Judge Schultz found that Saunders's due process rights were not violated. *Id.*

Magistrate Judge Schultz concluded that the remainder of Saunders' argument effectively asked the court to re-weigh the evidence, assess the credibility of his and GT's testimony, and "find that the greater weight of the evidence supports a determination that he did not possess the cell phone." *Id.* at 6. By asking the Court to undertake this task, the Magistrate Judge found that "Saunders conflates the standard applied by the DHO (the 'greater weight of the evidence') with the lower standard this Court must apply ('some

evidence').” *Id.* Magistrate Judge Schultz also reiterated that the reviewing court does not re-assess credibility of testimony on habeas review. *Id.* (Citing *Hill*, 472 U.S. at 455-56).

Because he found that Saunders' due process rights were satisfied because the DHO's determination was based on "some evidence," Magistrate Judge Schultz found Saunders' request for habeas relief to be unwarranted. *Id.* He thus recommended that the Petition be denied. *Id.* Saunders timely filed objections to the R&R, triggering this *de novo* review. [Doc. No. 15.] In its Response to Petitioner's Objections to the Magistrate's Report and Recommendation dated November 5, 2019 [Doc. No. 16], the Respondent requested that this Court adopt the R&R in its entirety.

### III. DISCUSSION

#### A. Standard of Review

This Court shall review *de novo* any portion of the magistrate judge's report and recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b). This Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

#### B. Saunders' Objections

After reviewing the R&R, Saunders filed his objections with the Court, requesting that the Court grant his Writ of Habeas Corpus, or in the alternative, grant an evidentiary hearing. Objection at 7. First, as to Saunders' alternative request for an evidentiary hearing, Magistrate Judge Schultz was correct to find that such a proceeding is unnecessary. As noted by the Magistrate Judge, an evidentiary hearing is not required

when relevant facts are not in dispute. R&R at 4 (citing *Lockhart*, 701 F.2d at 730). Saunders contends that the relevant fact of who possessed the phone is in dispute. Objection at 4. However, Saunders does not dispute that the FCI-Morgantown staff found the phone in question at their facilities, nor that a number found in the phone's "sent messages" was associated solely with his prison telephone account. Saunders takes issue with the inference drawn from these facts, not the facts. The current record will suffice to review the DHO's decision; an evidentiary hearing is unnecessary.

Second, Saunders asserts that he does not base his challenge on due process grounds, but rather on sufficiency of the evidence grounds. Objection at 1. Saunders contends that the "some evidence" standard was not met because the DHO did not state in his report (1) where and when Saunders possessed the phone in question, and (2) why he doubted the credibility of Saunders and GT. *Id.* at 1, 6. Saunders especially takes issue with the DHO relying upon the inference that Saunders possessed the phone, as he argues that an inference does not meet the "some evidence" standard. *Id.* at 3. Because Saunders challenges the sufficiency of the evidence supporting the outcome of an administrative proceeding, he challenges a procedural safeguard imposed to protect an inmate's due process rights. Thus, Saunders does challenge whether his due process rights were violated.

For the remainder of the Objection, Saunders analyzes the facts and testimony, asking the Court to find that they weigh in his favor. *See id* at 3-7. Although he concedes that case law prohibits the reviewing court from re-weighing the evidence when considering a habeas petition such as this, Saunders asks the Court to do just that. *Id. at 5*. Under the "some evidence" standard, a reviewing court simply must identify "some evidence from which the conclusion of the administrative tribunal could be deduced." *Hill*, 472 U.S. at 455-56. This is a very low threshold to overcome. For instance, as Magistrate Judge Schultz correctly noted, "'even when there is *substantial evidence to the contrary*, [a hearing officer] may find a guard's report to be credible and therefore take disciplinary action.'" R&R at 5 (citing *Hrbek v.Nix*, 12 F.3d 777, 781 (8th Cir. 1993)) (emphasis added).

Magistrate Judge Schultz also correctly noted our judicial system's longstanding use of circumstantial evidence to infer a fact. The Supreme Court in *Hill* sustained a disciplinary board's decision to revoke three inmates' good time credits based on the testimony of a prison guard who had seen the inmates flee the scene of an assault of another inmate. *Id.* at 456. The board inferred the inmates' involvement in the assault given the guard's testimony and the fact that no other inmates were in the area at the time of the assault. *Id.* The inmates challenged the disciplinary board's decision as the record lacked direct evidence identifying any one of the three inmates as the assailant. *Id.* at 448. The Supreme Court nonetheless held in favor of the disciplinary board despite that the evidence supporting the board's decision was "meager" and the record was devoid of any

9

direct evidence. *Id.* at 457. The Court held that the Constitution does not require a disciplinary board's decision be substantiated by "evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* Rather, due process simply demands that "some evidence" supports the board's conclusion. *Id.*

In this case, this low threshold has been met. The FCI-Morgantown staff found a phone at their facilities. The phone in question sent a message to a number associated only with Saunders' prison telephone account. From those facts, the DHO made the rational inference that Saunders possessed the phone and contacted that number. Even if another conclusion could be drawn from these facts, the evidence supporting this conclusion is sufficient under the "some evidence" standard. Saunders' due process rights were not violated. Habeas relief is therefore unwarranted.

## IV. CONCLUSION

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Saunders's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **DENIED**;

2. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. No. 14] in its entirety;

3. Saunders's Objections [Doc. No. 15] to the Magistrate Judge's Report and Recommendation are **OVERRULED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 26, 2019

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge
